UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALEX HOLT; MICHELLE DANIELS;
LARRY WASHINGTON; MARKO
FREEMAN; JOHN POINDEXTER;
NIKKI SYKES; PAULA SBABO; WO
DAVIS; JOHN AGAPOS; PAULA
JOHNSON; SHAWNTA POWELL;
CELESTE HINES; JENNIFER
SPONSELLER; MARNETTA JACKSON;
FLORENCE MIMS; CONSTANCE
HUNTER; CASSANDRA
MCCLINTON; SHAY TUCKER;
REGINA LUCKETT; ASHLEY
MARTIN,

    Plaintiffs,

v.                                                 Case No. 6:17-cv-693-Orl-37GJK

WAFFLE HOUSE, INC.; WH CAPITAL,
LLC; THE SOURCE FOR PUBLIC
DATA, L.P.; SHADOWSOFT, INC.;
HARLINGTON-STRAKER-STUDIO,
INC.; and DALE BRUCE
STRINGFELLOW,

    Defendants.
_____

**<u>ORDER</u>**

In this putative class action, Plaintiffs allege that Defendants violated the Fair Credit Reporting Act ("**FCRA**") with respect to background checks conducted for prospective and current employees of Waffle House restaurants. (*See* Doc. 1 ("**Complaint**").) Plaintiffs filed their Complaint on **April 17, 2017**; thus, their motion to certify the putative class is currently due on or before Monday, **July 17, 2017**

-1-

("**Certification Deadline**"). *See* Local Rule 4.04(b) (allotting ninety days following the filing of the initial complaint in which to file a motion to maintain a case as a class action).

Presently, Plaintiffs have moved for relief from the Certification Deadline to allow them time to conduct discovery prior to filing a motion for class certification (Doc. 49 ("**Motion for Relief**").) To this end, the Motion for Relief references the parties' Case Management Report, which proposes a November 3, 2017 deadline for the submission of a class certification motion ("**Proposed Deadline**"). (*See* Doc. 47, p. 2.) Plaintiffs also point out that Defendants' response to the Complaint is not due until Wednesday, **July 19, 2017** (Doc. 49, p. 1)—two days following the Certification Deadline. The Motion for Relief is unopposed. (*Id.* at 3.)

Upon consideration, the Court finds that the Motion for Relief is due to be granted. Hence Plaintiffs are relieved from the Certification Deadline. To allow Plaintiffs time to file a "meaningful motion for class certification," the Court will take the parties' Proposed Deadline under advisement in constructing the Case Management and Scheduling Order.

In addition, the instant action asserts FCRA claims that are remarkably similar to claims asserted in an earlier-filed, putative class action against the same Defendants. (*Compare* Doc. 1, *with Jones v. Waffle House, Inc.*, Case No. 6:15-cv-1637-Orl-37GJK, Doc. 1 (M.D. Fla. Oct. 1, 2015) ("**Jones Action**").).[1] Because both actions attempt to certify overlapping nationwide classes, the Court will require Plaintiffs to show cause, by written response, why the instant, later-filed action should be permitted to proceed.

---

[1] Notably, the plaintiff in the Jones Action is represented by the same counsel as Plaintiffs in the instant action.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Unopposed Motion for Relief from Local Rule 4.04(b) (Doc. 49) is **GRANTED**. The Court will include a new deadline for the submission of a class certification motion in its forthcoming Case Management and Scheduling Order.

2. On or before Monday, **June 19, 2017**, Plaintiffs are **DIRECTED** to show cause, by written response, why this action should be permitted to proceed in light of the pending Jones Action, which also seeks to certify two of the three classes identified in the instant Complaint. Defendant may submit a reply within seven (7) days of Plaintiff's response.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on June 7, 2017.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record