UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALEX HOLT; MICHELLE DANIELS;
LARRY WASHINGTON; MARKO
FREEMAN; JOHN POINDEXTER;
NIKKI SYKES; PAULA SBABO; WO
DAVIS; JOHN AGAPOS; PAULA
JOHNSON; SHAWNTA POWELL;
CELESTE HINES; JENNIFER
SPONSELLER; MARNETTA JACKSON;
FLORENCE MIMS; CONSTANCE
HUNTER; CASSANDRA
MCCLINTON; SHAY TUCKER;
REGINA LUCKETT; and ASHLEY
MARTIN;

    Plaintiffs,

v.                                                                                 Case No. 6:17-cv-693-Orl-37GJK

WAFFLE HOUSE, INC.; WH CAPITAL,
LLC; THE SOURCE FOR PUBLIC
DATA, L.P.; SHADOWSOFT, INC.;
HARLINGTON-STRAKER-STUDIO,
INC.; and DALE BRUCE
STRINGFELLOW;

    Defendants.
_____

## **ORDER**

This cause is before the Court on Plaintiffs' motion for reconsideration (Doc. 60.) For the reasons set forth below, the Court finds that the motion is due to be granted in part.

Almost two years ago, William Jones ("**Mr. Jones**") initiated a suit against Waffle House, Inc., WH Capital, LLC, the Source for Public Data, L.P., Shadowsoft Inc.,

Harlington-Straker-Studio, Inc., and Dale Bruce Stringfellow. *Jones v. Waffle House, Inc.*, Case No. 6:15-cv-1637 ("**Jones Action**"), Doc. 1. In that action, Mr. Jones sought relief on behalf of himself and putative class members for violations of the Fair Credit Reporting Act ("**FCRA**"). *Id.* Specifically, Mr. Jones alleged that: (1) Waffle House, Inc. and WH Capital, LLC (collectively, "**Waffle House**") had failed to comply with the FCRA in procuring background checks on prospective and former employees; and (2) the Source for Public Data, L.P., Shadowsoft, Inc., Harlington-Straker-Studio, Inc., and Dale Stringfellow (collectively, "**Public Data**") had also failed to comply with the FCRA in compiling consumer background information and making it available to employers (including Waffle House) through a public records search. *See generally id.*

With respect to his own grievances, Mr. Jones alleged that Waffle House declined to hire him based on information contained in his background report, without following the requisite FCRA procedures. *Id.* ¶¶ 21–23. But, after initiating the Jones Action, Mr. Jones threw a wrench in the progression of his suit by: (1) applying for, and receiving, employment with another Waffle House location; and (2) agreeing to arbitrate all past, present, and future claims pertaining in any way to his employment. *Id.*, Doc. 81-2, ¶¶ 9–10, 12, 19–20; *see also id.*, Doc. 81-2, p. 14 ("**Arbitration Agreement**").

Upon discovering the Arbitration Agreement, Waffle House moved to compel arbitration of the claims brought against it in the Jones Action. *Id.*, Doc. 81-1 ("**Motion to Compel**"). The Court ultimately denied the Motion to Compel, *id.*, Docs. 121, 122, and Waffle House filed an interlocutory appeal ("**Appeal**"), *id.*, Doc. 126. On motion by Waffle House, *id.*, Doc. 127, the Court then stayed the Jones Action in its entirety, pending

the outcome of the Appeal. *Id.*, Doc. 136 ("**Stay Order**"). In doing so, the Court emphasized that a stay of the entire litigation—including the claims against Public Data— would promote judicial economy and prevent the Court from proceeding in "piecemeal fashion." *Id.* at 5.

The Appeal remains pending, but Mr. Jones's lawyers were not willing to wait for its resolution. Rather, on April 17, 2017, Mr. Jones's attorneys gathered a new set of plaintiffs and initiated a new action against Waffle House and Public Data. *See Holt v. Waffle House, Inc.*, Case No. 6:17-cv-693 ("**Holt Action**"), Doc. 1. The Holt Action similarly asserts individual and class claims under the FCRA stemming from the same conduct at issue in the Jones Action, *see generally id.*; however, slight changes were made to distinguish the Holt Action from the Jones Action and, thus, circumvent the Stay Order.

Recognizing the vast similarities and overlapping class claims between the two actions, the Court directed Plaintiffs to show cause why the Holt Action should be permitted to proceed shortly after it was filed. *Id.*, Doc. 51, pp. 2–3 ("**Show Cause Order**").[1] Plaintiffs' response to the Show Cause Order focused almost exclusively on their attorney's plans to consolidate the two actions once the Appeal in the Jones Action had been resolved. *Id.*, Doc. 56. But crucially absent from the response was any authority: (1) sanctioning the maintenance of parallel, overlapping, putative class actions; or (2) suggesting harm to Plaintiffs or putative class members if required to wait until the

---

[1] As aptly stated by one court, "[f]iling a second-front case merely to compensate for an inadvertence-gap in another drills deeply into bad-faith territory. At minimum, courts should intervene." *Sanchez-Cobarrubias v. Bland*, No. CV609-005, 2009 WL 1097247, at *1 (S.D. Ga. Apr. 22, 2009).

resolution of the Jones Appeal. *Id.* at 3. Thus, because Plaintiffs had admitted that they were members of the putative classes described in the Jones Action, the Court found that their interests were preserved by the earlier-filed action and dismissed the Holt Action for reason of duplicity. *Id.*

Plaintiffs now request that the Court reconsider its dismissal. *Id.*, Doc. 60 ("**Motion**"). Waffle House and Public Data have responded in opposition, *id.*, Docs. 61, 62, and the Motion is now ripe for the Court's consideration.

In their Motion, Plaintiffs assert for the first time that: (1) the Court should stay, rather than dismiss, the Holt Action to prevent manifest injustice; (2) allow the single claim that does not overlap with the claims in the Jones Action ("**Non-Overlapping Claim**") to proceed; or (3) equitably toll the statute of limitations for the Non-Overlapping claim. *Id.* at 7–9. Plaintiffs advance several arguments in support of their position, including—incredulously—that the Court did not notify them that it intended to dismiss the Holt Action *sua sponte*.[2] *Id.* at 7–11.

Though it could have done so, Plaintiffs did not raise any of these arguments in response to the Show Cause Order. This point is important because a motion for reconsideration should not be used "to relitigate old matters, raise arguments, or present evidence that could have [previously been raised]." *See Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012). Nonetheless, the Court may relieve a party from

---

[2] As an aside, the Court finds this argument to be wholly disingenuous. A directive requiring a party to show cause why an action should be "permitted to proceed" necessarily implies that the absence of good cause will result in the termination of the action.

an order for any reason that justifies relief. Fed. R. Civ. P. 60(b)(6). Notwithstanding counsel's missteps, the Court finds that a stay would best protect Plaintiffs' interests here, given counsel's concerns regarding the statute of limitations for the Non-Overlapping Claim. The Court "has broad discretion to stay proceedings as an incident to its power to control its own docket," *Clinton v. Jones*, 520 U.S. 681, 706 (1997), and, as Waffle House concedes in its response to the Motion, a stay is the only option advanced by Plaintiff that will promote judicial economy and prevent the Court from proceeding in piecemeal fashion, *see Holt Action*, Doc. 62, pp. 8, 9.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion for Reconsideration Re Order Dismissing Action (Doc. 60) is **GRANTED IN PART**.

2. The portion of the Court's July 7, 2017 Order dismissing the Holt Action (Doc. 59, p. 3) is **VACATED**.

3. This action is **STAYED** pending the outcome of the Appeal in the Jones Action. Once the Appeal is resolved, Plaintiffs should work with haste to consolidate the Holt and Jones Actions and prevent unnecessary, duplicative litigation.

4. The Clerk is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this action pending further Court Order.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 31, 2017.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record